Huo Chin Yin, Respondent, *v.* Amino Products Company, Appellant.

First Department, April 21, 1939.

*Leonard P. Moore* of counsel [*Chadbourne, Wallace, Parke & Whiteside,* attorneys], for the appellant.

*Albert E. Kane,* for the respondent.

UNTERMYER, J. We are of the opinion that the issue whether the defendant is doing business within this State so as to render it amenable to the service of process should be referred to a referee to hear and report. In connection therewith we direct attention to the allegation in the affidavit of the defendant's vice-president, Marshall, to the effect that the defendant's products are sold in this State through R. W. Greeff & Co., upon receipt of orders from that firm. It is not clear, however, whether these products are sold by the defendant through Greeff & Co., as its agent here, or whether they are sold by the defendant to Greeff & Co. in Michigan and resold by that firm within this State. This question, together with the other issues presented, can be better clarified upon a reference than by affidavits.

The order should be modified by referring the issues to an official referee to hear and to report to the Supreme Court, New York county, Special Term, Part 1.

TOWNLEY and GLENNON, JJ., concur; MARTIN, P. J., dissents and votes to affirm in memorandum, in which COHN, J., concurs.

MARTIN, P. J. (dissenting). I dissent and vote to affirm. The record establishes that the defendant is doing business within this State and is amenable to the service of process.

COHN, J., concurs.

Order modified by referring the issues to an official referee to hear and report to the Supreme Court, New York county, Special Term, Part 1. Settle order on notice.